820 A.2d 160

**Thomas F. WAGNER, Individually and Trading as Blue Bell Gulf, Petitioner,**

v.

**ERIE INSURANCE COMPANY, Respondent.**

Supreme Court of Pennsylvania.

March 31, 2003.

### ORDER

PER CURIAM.

**AND NOW,** this 31st day of March, 2003, the Petition for Allowance of Appeal is hereby GRANTED, limited to the following issues:

Whether the present matter presents the need and opportunity for the Supreme Court to clarify the requirement that an exclusion in an insurance policy must be "conspicuously displayed?" *Standard Venetian Blind Co. v. American Empire Insurance Co.,* 503 Pa. 300, 469 A.2d 563, 567 (1983).

Whether the Superior Court could enter summary judgment in Erie's favor when the uncontradicted testimony in the record indicated that Petitioner requested a policy to cover gasoline leaks at his gas station and was sold the policy in

question by Erie's agent who said it provided the desired coverage?

Whether Petitioner was penalized by the split among the panels in the Superior Court on the manner in determining whether a substance constitutes a "pollutant." Clearly, if the panel in *Mt. Lebanon v. Reliance Insurance Company*, 2001 Pa.Super. 177, 778 A.2d 1228 (2001) had heard this appeal, it would have ruled that gasoline, just like natural gas, was not unambiguously a "pollutant" when viewed under Federal and Pennsylvania environmental legislation.